IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
Civil Action No.: 3:24-cv-1025

EDWARD ISAACS, *on behalf of himself and all others similarly situated*,

*Plaintiff*,

v.

THE CHARLOTTE-MECKLENBURG HOSPITAL AUTHORITY d/b/a ATRIUM HEALTH,

*Defendant*.

**NOTICE OF REMOVAL**

Defendant The Charlotte-Mecklenburg Hospital Authority d/b/a Atrium Health ("CMHA"), through counsel and pursuant to 28 U.S.C. § 1441, *et seq.*, hereby removes Case No. 24-CVS-044102 from the General Court of Justice, Superior Court of Mecklenburg County, North Carolina to the United States District Court for the Western District of North Carolina, Charlotte Division. The grounds for removal are as follows:

1. Plaintiff Edward Isaacs filed this putative class action against CMHA on September 20, 2024, in the Superior Court of Mecklenburg County, North Carolina in a civil action titled "*Edward Isaacs, on behalf of himself and all others similarly situated v. The Charlotte-Mecklenburg Hospital Authority d/b/a Atrium Health*," Docket No. 24-CVS-044102. In his Complaint, Plaintiff alleges claims arising from a data breach, asserting that CMHA failed to properly secure and safeguard sensitive information. CMHA has attached to this Notice as **Exhibit A** all process, pleadings, and orders as required by 28 U.S.C. § 1446(a).

2. On October 25, 2024, CMHA was served with the Plaintiff's Civil Summons and Complaint as evidenced by **Exhibit A**. In accordance with 28 U.S.C. § 1446(b), this Notice of Removal is being filed within thirty (30) days of such service.

3. This action is now pending in the General Court of Justice, Superior Court of Mecklenburg County, North Carolina, Civil Action No. 24-CVS-044102, and the time within which CMHA is required to answer or otherwise plead has not expired.

4. Removal pursuant to the Class Action Fairness Act ("CAFA") is permissible if the class has more than 100 members, the amount in controversy exceeds $5 million, and the parties are minimally diverse. 28 U.S.C. §§ 1332(d)(2)(A), (5), & (6). All requirements for removal are met here.

5. First, Plaintiff alleges a "nationwide class" of "all individuals residing in the United States whose Private Information was accessed and/or acquired by an unauthorized party as a result of the data breach reported by Defendant in September 2024." Compl. ¶ 165.

6. There are seven related putative class-action lawsuits currently pending before this Court that were filed arising from the same alleged data breach.[1] These

---

[1] These cases are: *Brown v. The Charlotte-Mecklenburg Hospital Authority d/b/a Atrium Health*, Case No. 3:24-cv-848-KDB-SCR; *Chambers v. The Charlotte-Mecklenburg Hospital Authority d/b/a Atrium Health*, Case No. 3:24-cv-887-KDB-DCK; *Ellerbee v. The Charlotte-Mecklenburg Hospital Authority d/b/a Atrium Health*, Case No. 3:24-cv-890-KDB-SCR; *Hill v. The Charlotte-Mecklenburg Hospital Authority d/b/a Atrium Health*, Case No. 3:24-cv-847-KDB-DCK; *Kirksey v. The Charlotte-Mecklenburg Hospital Authority d/b/a Atrium Health*, Case No. 3:24-cv-846-KDB-SCR; *Owens v. The Charlotte-Mecklenburg Hospital Authority d/b/a Atrium Health*, Case No. 3:24-cv-851-KDB-DCK; and *Underwood v. The Charlotte-Mecklenburg Hospital Authority d/b/a Atrium Health*, Case No. 3:24-cv-858-KDB-SCR.

cases assert claims based on a breach reported on September 13, 2024. Compl. ¶ 30. CMHA's report to OCR of this breach indicated that 32,120 individuals were affected. *See* U.S. Dep't of Health & Hum. Servs. Office for Civil Rights Breach Portal, *available at* https://ocrportal.hhs.gov/ocr/breach/breach_report.jsf.

7. Second, the amount in controversy in this lawsuit exceeds $5 million dollars, exclusive of interest and costs, as required by CAFA. *See* 28 U.S.C. § 1332(d)(6).

8. "In determining whether the amount in controversy exceeds the $5 million jurisdictional threshold, the appropriate measure is not the amount of damages Plaintiffs will ultimately recover, but rather the alleged amount in controversy." *Hardig v. Certainteed Corp.*, No. 3:11-CV-535, 2012 WL 423512, at *1 (W.D.N.C. Feb. 9, 2012) (citing *Lanier v. Norfolk S. Corp.*, 256 F. App'x 629, 631–32 (4th Cir. 2007)).

9. Plaintiff's Complaint asserts claims based in negligence, negligence *per se*, breach of implied contract, and unjust enrichment, and it seeks "injunctive and other equitable relief," "an award of damages, including actual, nominal, consequential, and punitive damages," and "an award of attorney's fees." Compl. ¶¶ 57-60. Plaintiff does not specify a dollar amount for any category of damages sought.

10. Plaintiff asserts claims on behalf of a "nationwide class." Compl. ¶ 165. In each of the seven class-action lawsuits currently pending before this Court based on the same underlying facts, those plaintiffs assert that their damages exceed $5 million, exclusive of interests and costs. *See Ellerbee* Compl. ¶ 24; *Brown* Compl.

¶ 25; *Chambers* Compl. ¶ 28; *Hill* Compl. ¶ 25; *Kirksey* Compl. ¶ 25; *Owens* Compl. ¶ 33; *Underwood* Compl. ¶ 21.

11. Thus, although CMHA denies that Plaintiffs or any members of the putative class are entitled to recover any amount, and denies that Plaintiff or members of the putative class are entitled to any of the relief sought, the amount in controversy exceeds $5 million.

12. Third, the citizenship of members of the proposed class meets the diversity requirements of CAFA, namely, that at least one member of the putative class is a citizen of a different state than the defendant. 28 U.S.C. § 1332(d)(2). CMHA is a citizen of North Carolina. Compl. ¶ 23. Plaintiff asserts a proposed nationwide class, which presumptively includes citizens of other states. Compl. ¶ 165. Moreover, some of the plaintiffs in the other class-action lawsuits before this Court have alleged that they are citizens of states other than North Carolina. *See, e.g.*, *Underwood* Compl. ¶ 19 (alleging that the plaintiff is a citizen of South Carolina).

13. Accordingly, this Court has original jurisdiction over this action under 28 U.S.C. §§ 1332(d)(2), (5), & (6) because (i) there are over 100 members in the putative class, (ii) the amount in controversy exceeds $5,000,000 in the aggregate exclusive of interest and costs, and (iii) diversity of citizenship necessary under CAFA exists.

14. Because this action is pending in the General Court of Justice, Superior Court of Mecklenburg County, North Carolina, venue is proper in the United States District Court for the Western District of North Carolina, Charlotte Division pursuant to 28 U.S.C. § 1441(a).

15. CMHA's counsel will give Plaintiff written notice of the removal of this action and will file a copy of the Notice attached as **Exhibit B** with the Clerk of the General Court of Justice, Superior Court of Mecklenburg County, North Carolina, as required by 28 U.S.C. § 1446(d).

16. By filing this Notice, CMHA does not waive any defense that may be available to it.

This the 22nd day of November, 2024.

**ROBINSON, BRADSHAW & HINSON, P.A.**

/s/ Jonathan C. Krisko
Jonathan C. Krisko (N.C. Bar No. 28625)
101 North Tryon Street, Suite 1900
Charlotte, North Carolina 28246
Telephone: (704) 377-2536
jkrisko@robinsonbradshaw.com

Preetha Suresh Rini (N.C. Bar No. 51022)
434 Fayetteville Street, Suite 1600
Raleigh, North Carolina 27601
Telephone: (919) 239-2600
prini@robinsonbradshaw.com

*Attorneys for Defendant The Charlotte-Mecklenburg Hospital Authority d/b/a Atrium Health*

# CERTIFICATE OF SERVICE

I hereby certify that on this day the foregoing was electronically filed using the Court's electronic filing system and I served the following counsel via electronic mail as follows:

> Scott C. Harris
> MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN, PLLC
> 900 West Morgan Street
> Raleigh, North Carolina 27603
> sharris@milberg.com
>
> David K. Lietz
> MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN, PLLC
> 5335 Wisconsin Avenue, NW
> Suite 440
> Washington, D.C. 20015
> dlietz@milberg.com

This the 22nd day of November, 2024.

/s/ Jonathan C. Krisko
Jonathan C. Krisko